UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANGEL FIERRO,<br><br>               Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>               Defendants. | No.  1:24-cv-00002-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 1) |

    Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on January 2, 2024.

    On January 3, 2024, the Court ordered Plaintiff to pay the $405.00 filing fee or submit an application to proceed in forma pauperis within forty-five days.  (ECF No. 4.)  Plaintiff failed to comply with the Court's order.  Therefore, on February 27, 2024, the Court issued an order to show cause why the action should not be dismissed.  (ECF No. 5.)  Plaintiff has failed to file a response to the order to show cause and the time to do so has passed.  Accordingly, dismissal of the action is warranted.

///

///

1

# I.

# DISCUSSION

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff's completed application to proceed in forma pauperis (or payment of the filing fee) is overdue and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that

1 direction," which is the case here. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>,
2 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

3       Finally, the Court's warning to a party that failure to obey the court's order will result in
4 dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262;
5 <u>Malone</u>, 833 at 132–33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's January 3, 2024 order
6 expressly warned Plaintiff that his failure to comply with the Court's order to file completed
7 application to proceed in forma pauperis (or to pay the filing fee for this action) "will result in
8 dismissal of this action." (ECF No. 4 at 1.)  The Court's order to show cause further warned
9 Plaintiff that his failure to file a completed application to proceed in forma pauperis would result
10 in a recommendation to dismiss the action.  (ECF No. 5 at 1.)  Thus, Plaintiff had adequate
11 warning that dismissal could result from his noncompliance.

12       Additionally, at this stage in the proceedings there is little available to the Court that
13 would constitute a satisfactory lesser sanction while protecting the Court from further
14 unnecessary expenditure of its scarce resources. Plaintiff has failed to file a completed application
15 to proceed in forma pauperis or pay the filing for this action.  Thus, Plaintiff failure to pay the fee
16 or proceed in forma pauperis makes monetary sanctions of little use, and the preclusion of
17 evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

18 **II.**
19 **ORDER AND RECOMMENDATION**

20       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
21 district judge to this action.

22       Further, the Court finds that dismissal is the appropriate sanction and HEREBY
23 RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders
24 and for Plaintiff's failure to prosecute this action.

25       These Findings and Recommendation will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen**
27 **(14)** days after being served with these Findings and Recommendation, Plaintiff may file written
28 objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 22, 2024**__

UNITED STATES MAGISTRATE JUDGE

4